IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEGGY ALLENDER,

        Plaintiff,

        vs.                              Case No. 03-1396-JTM

RAYTHEON AIRCRAFT CO.,

        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on the plaintiff Peggy Allender's appeal from the Clerk's taxation of costs. Following the appeal in which this court's award of summary judgment was affirmed (Dkt. No. 113), the Clerk taxed costs in the amount of $2,565. Allender asks the court to reduce the award by $1,164.60.

Defendant Raytheon submitted extensive documentation is support of its bill of costs. (Dkt. No. 112). Allender's response was extremely conclusory, stating only that the award was premature and that copying charges should not be allowed. A second, amended response filed four days later also stated that an award was premature in light of Allender's attempt to obtain *certiorari* from the United States Supreme Court, and identifying certain copying charges (a total of $727.53) as being in violation of Rule 45 or not relevant to this case. (Dkt. No. 115). Raytheon responded (Dkt. No. 116), and the Clerk taxed costs in the amount of $2,585.

Allender's current appeal argues that *all* copying charges in the appeal ($1,164.60) should be disallowed because Raytheon's counsel "obtained and copied plaintiff's medical records without following proper procedures." (Dkt. No. 122).

The court finds no error in the award of copying costs, which may be awarded under 28 U.S.C. § 1920. The court finds that the Sedgwick County court records were discoverable and relevant to the credibility of plaintiff's testimony regarding her previous civil litigation. Plaintiff's medical records were timely obtained, were properly obtained pursuant to subpoenas which were issued with accompanying electronic notice to plaintiff's counsel, and were relevant to the issue of plaintiff's damages. The costs of copying the records were properly awarded. The court has reviewed all of the arguments submitted by plaintiff and finds no basis for concluding that the award of costs or any of the elements thereof were in error.

IT IS ACCORDINGLY ORDERED this 5th day of March, 2007, that the plaintiff's appeal from the taxation of costs (Dkt. No. 122) is hereby denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE